UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLAUDIO DAREZZO,

              Plaintiff,

        -against-

BURRITO BOX INC. and 401-403 57TH ST. REALTY CORP.,

              Defendants.

Case No. 18 CV 3855

**COMPLAINT**

---

Plaintiff, CLAUDIO DAREZZO (hereinafter "Plaintiff"), through his undersigned counsel, files this Complaint and sues defendants BURRITO BOX INC. (the "Restaurant") and 401-403 57TH ST. REALTY CORP. (the "Owner") (the Restaurant and the Owner being hereinafter collectively designated as the "Defendants") for declaratory and injunctive relief, compensatory damages, statutory damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL") and the New York City Human Rights Law, New York City, N.Y., Code § 8-101 *et seq.* ("NYCHRL"), and alleges:

## RELEVANT BACKROUND

1.      Over twenty years after Congress passed one of our nation's landmark civil rights laws for people with disabilities, Defendants still maintain barriers that prevent customers who use wheelchairs or scooters from the full, independent and equal enjoyment of the Restaurant's goods and services.

2.      Defendants have been and remain in violation of Federal and New York State and City disability civil rights laws, in that they have failed to comply with nondiscrimination statutes, as more fully detailed below.

3.      Defendants have discriminated, and continue to discriminate, against Plaintiff in

many ways, including, but not limited to, failing to ensure that their public accommodation is accessible to individuals with mobility impairments who require wheelchairs or scooters for mobility.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and, pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Money damages alone are inadequate, and Plaintiff has been suffering, and will continue to suffer, irreparable injury.

5.      Venue is proper within this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6.      The Plaintiff has muscular dystrophy.  As a result, Plaintiff has been utilizing a wheelchair to ambulate for more than 15 years. Plaintiff therefore has a disability within the meaning of the Title III of the ADA. 42 U.S.C. § 12102(2)(A).  Plaintiff also has a physical disability within the meaning of the laws of the City and State of New York.

7.      The Restaurant owns and operates a restaurant, open to the general public, at the premises known and designated as 885 Ninth Avenue, New York, New York (the "Property").

8.      The Owner is the owner of the Property.

9.      The Restaurant occupies the Property pursuant to written agreement.

## STATEMENT OF FACTS

10.      Plaintiff travels all over the City in his mechanized wheelchair, having installed a high powered battery with an exceptionally long life in order to do so.

11.      Plaintiff shops and eats in the area where the Restaurant is located several times a year.

12.     Plaintiff would like to eat at the Restaurant, however because of the architectural barrier at the entrance, to wit, a step which he is unable to navigate in his wheelchair, Plaintiff has been denied full and equal access to, and full and equal enjoyment of, the facilities at the Property.

13.     The last time Plaintiff sought entry to the Restaurant prior to the filing of this complaint was on or about April 26, 2018, but he was deterred from doing so due to the step at the entrance.

14.     The barrier to access at the Restaurant has effectively denied or diminished Plaintiff's ability to visit the Property and has upset and frustrated the Plaintiff.

15.     Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress Defendants' unlawful disability discrimination.

16.     Plaintiff will patronize the Restaurant once the barriers to his enjoyment of the facilities have been removed.

17.     Under the ADA, both the property owner and lessee are liable to the Plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

18.     Defendants are required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a). In the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26,1992, then the Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendants' facility is one which was designed and

constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

19.     The 1991 ADA Standards for Accessible Design apply to new construction and alterations until March 14, 2012. As of March 15, 2012, compliance with the 2010 Standards was required for new construction and alterations, accessibility and barrier removal. Premises altered between January 26, 1992 and March 15, 2012, must comply with either 1992 or 2010 Standards in accordance with the safe harbor provisions of the 2010 Standards.

20.     An inspection of the Restaurant was conducted and the following details the barriers to accessibility found to be present (all of the barriers presented were reviewed with Plaintiff prior to the filing of the complaint):

The entrance is approximately 54 inches wide, with double doors within a 6 inch recess and an approximate 5 ½ inch step in front of the door..  There are cellar doors with railings around them approximately 3 feet to the left of the door as you look at it from the outside.  Only one of the two doors are used, the one on the left, looking from the street.  The left door has a handle to facilitate pulling it open. There is no handle on the other door, even if it were unlocked and unobstructed.  Each door is 26 inches wide and pulls outward over the sidewalk. The door to the right is not available for use when coming or going into the restaurant, as it is blocked by a large garbage can, which obstructs at least ½ the width of the right hand door.

When a person in a wheelchair approaches the entrance, they encounter a 26- inch wide door opening, which sits above a rise 5 ½ inches high.  They cannot navigate over the rise or through the one available narrow entry door, as people in wheelchairs require a clearance in the doorway of at least 32 inches.  The entrance barriers prevent Plaintiff from entering the Restaurant.

Once inside, there is room for a patron in a wheelchair to navigate forward towards the counter where orders are placed.  There is one counter used for both ordering and picking up. ,  The counter is about 44 inches high and obstructed at the bottom so that a parallel approach is necessary when in a wheelchair.

Should a person in a wheelchair gain entry, they would encounter a high order and pick up counter, about 44 inches high at the top surface.  This is over the 36 inch height which people in wheelchairs are capable of navigating up to and reaching their own food or drink without requiring someone else to assist them.

There is clear floor space in front of the order counter, so a wheelchair patron may turn and leave the counter to approach one of the 4 or five seats provided inside the Restaurant.  The seats are bar height stools at counters hung on the side wall and in the window.  The shelves for seating are hung at about 40 inches from the floor.  There is also a self-service area which is located over in front of the entry door, on top of the garbage can.  There is a water dispenser and straws available for those who can reach over 50 inches to the top of the water dispenser.

Should a person in a wheelchair wish to enjoy their meal inside, as others do, they would not find a table at a height which is not too high for them to manage, seated in a wheelchair, a height not over 36 inches. A person in a wheelchair would be unable to get themselves a drink of water, due to the control lever at the water dispenser being positioned too high for an individual in a wheelchair to reach.  These barriers to use would render a person in a wheelchair unable to enjoy their meal inside the Restaurant in the same manner as others may.

21.     According to the records of the New York City Department of Buildings, the sidewalk in front of the Restaurant was replaced in 2014 and a renovation of the interior was undertaken in 2011.

22.     Despite the sidewalk replacement in 2014, Defendants failed to slope the sidewalk

or install a ramp in an effort to remediate the barrier at the entrance and in 2011, Defendants failed

to lower the sales and seating counters to an accessible height during the interior renovation.

## CLAIMS FOR RELIEF

### CLAIM I
### READILY ACHIEVABLE BARRIER REMOVAL

23.     It is readily achievable for Defendants to remove the architectural barriers to

access identified in paragraph 20.  By failing to remove barriers to access to the extent it is

readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. §

12182(b)(2)(A)(iii), (iv) and 28 C.F.R. § 36.304.

### CLAIM II
### READILY ACHIEVABLE ALTERNATIVES TO BARRIER REMOVAL

24.     In the alternative, if it is not readily achievable to remove all of the

barriers to access set forth in paragraph 20, Defendants must provide readily achievable

alternatives to barrier removal as required by 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. §

36.305.

25.     By failing to undertake alternatives to barrier removal to the extent it is readily

achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)

(A)(v) and 28 C.F.R. § 36.305.

### CLAIM III
### FAILURE TO COMPLY WITH THE EXECUTIVE LAW

26.     It is readily achievable for Defendants to remove the architectural barriers to

access identified in paragraph 20.  By failing to remove barriers to access to the extent it is

readily achievable to do so, Defendants have violated Executive Law § 296(2)(a).

### CLAIM IV
### FAILURE TO COMPLY WITH THE ADMINISTRATIVE CODE

27.     The Defendants have discriminated, and continue to discriminate, against Plaintiff

in violation of Administrative Code § 8-107(4), by maintaining and/or creating an inaccessible place of public accommodation.

28.     It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 20.  By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Administrative Code § 8-107(4).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A.     Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation

B.     Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including, but not limited to, the violations set forth above.

C.     Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.     Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E.     Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

F.     Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

G.      For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated:  May  , 2018

*Donald J. Weiss*
_____

Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
363 Seventh Avenue, 4th Floor
New York, New York 10001
(212) 967-4440